UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD FRANCIS (1), and<br>JOHN BELIVEAU (2),<br><br>Defendants. | Case Nos. 13-CR-3781-JLS<br>13-CR-3782-JLS<br><br>**ORDER GRANTING MOTION TO REVOKE RELEASE ORDER AND TO DETAIN DEFENDANT AS A FLIGHT RISK** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD FRANCIS (1), and<br>MICHAEL MISIEWICZ (2),<br><br>Defendants. | |

On November 22, 2013, the United States filed its Motion to Revoke Release Order and to Detain Defendant as a Flight Risk. [Dkt. No. 45.] The Motion sought to revoke the November 21, 2013 Order setting conditions of release in this case. [Dkt. No. 43.]

On November 25, 2013, the Court held a hearing on the United States' Motion. [Dkt. No. 47.] The purpose of the hearing was to determine whether Defendant Leonard Francis should be held in custody pending trial, on the ground that the Defendant is a flight risk. Assistant United States Attorney Robert Huie appeared on behalf of the United States; Edward P. Swan, Esq., and Katie Sheppard, Esq., of Jones Day appeared on behalf of Defendant.

Based on the evidence proffered by the parties, the criminal complaints in this case and in 13-MJ-3783 and 13-MJ-4027, the transcript of the November 21, 2013 bond hearing, and the briefing and oral argument, the Court concludes that the United States has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The United States' Motion is granted.

# I.

# FINDINGS OF FACT

## A. Nature and Circumstances of the Offense [18 U.S.C. § 3142(g)(1)]

1. Defendant is charged in this case in two criminal complaints, in 13-CR-3781-JLS and -3782-JLS, with conspiracy to commit bribery in violation of 18 U.S.C. § 371. His co-defendants in those cases are, respectively, John Bertrand Beliveau and Michael Misiewicz.

2. Defendant is also charged in a third criminal complaint, in 13-MJ-4027, with conspiracy to commit bribery in violation of 18 U.S.C. § 371. His co-defendant in that case is Jose Luis Sanchez.

3. In a fourth criminal complaint, in 13-MJ-3783, the United States has charged defendant Alex Wisidagama with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. This fourth complaint does not name Defendant as a party. However, it does refer to Defendant by his initials and by his position within

GDMA, the company he owns; and it identifies him as a participant in the charged fraud conspiracy.

4. In support of its motion, the United States has proffered the contents of these four complaints and their supporting statements of probable cause.

5. The pending charges against Defendant allege that he participated in bribery schemes with senior officers of the United States Navy, and with a special agent of the Naval Criminal Investigative Service ("NCIS"). The complaints allege that Defendant engaged in a multi-year bribery relationship with each of these public officials, in which Defendant furnished the officials with cash, paid travel, and the services of prostitutes. In exchange, Defendant is alleged to have received classified, internal, and proprietary information belonging to the United States Navy; as well as sensitive law enforcement information regarding the investigation by NCIS into Defendant and his company. There are no allegations of violent conduct or narcotics trafficking by Defendant. Nonetheless, the allegations are of sophisticated, very serious, criminal conduct.

6. If convicted of the instant charges in the three pending complaints, Defendant faces a combined statutory maximum sentence of fifteen years in prison. The United States Sentencing Guidelines, as applied to the conduct described in the complaints and proffered by the United States, results in a guidelines range that exceeds the fifteen year statutory maximum sentence available under the pending charges. Although it is impossible to determine at this stage the precise sentence that would be imposed following any conviction, under any view of the applicable guidelines, Defendant faces a significant penalty.

7. In this case, the nature and severity of the offenses favor detention.

//

//

**B.     Weight of the Evidence Against Defendant [18 U.S.C. § 3142(g)(2)]**

8.      Although this factor is to be given the least weight, there is probable cause to believe that Defendant committed the alleged offenses. The weight of the evidence, as proffered by the United States at this stage of the proceedings, is strong. It includes some significant inculpatory evidence in Defendant's own words, including emails from Defendant. The Court recognizes that Defendant has not yet had the opportunity to put on a defense at trial.

9.      In this case, the weight of the evidence favors detention.

**C.     History and Characteristics of Defendant [18 U.S.C. § 3142(g)(3)]**

10.     Defendant is a Malaysian citizen and resides in Singapore. His mother and youngest children currently reside in Malaysia. Defendant's business is headquartered in Singapore.

11.     Defendant is not a U.S. citizen and has no resident status in the United States. He is present on a B-1/B-2, valid for a stay not to exceed six months, unless extended by immigration authorities.

12.     Defendant has no ties to the Southern District of California.

13.     Defendant has limited ties to the United States. His aunt, and her son, live in Maryland. However, these ties are not sufficiently significant to weigh in favor of setting conditions of release. Defendant has no real estate or significant assets in the United States. He has never been a resident of the United States.

14.     The Court has considered the other enumerated factors relating to the history and characteristics of Defendant, and determines that they favor detention. As alleged in the complaints and in the evidence proffered by the United States, Defendant has the ability to travel internationally; has the ability to move assets and personnel quickly; has the resources to readily adapt to life in other countries; and has the means to find a safe haven outside the United States.

## II.

## REASONS FOR DETENTION

15. The United States is required to show, by a preponderance of the evidence, that the Defendant is a flight risk. Not all factors are entitled to equal weight. Considering all the factors, the Court finds that each factor individually favors detention, and that the balance of factors favors detention.

16. The Court finds that the United States has proven, by a preponderance of the evidence, that there is no condition or combination of conditions that would reasonably assure the appearance of Defendant at trial.

17. The Court further finds that the conditions of release set forth in the November 21, 2013 Order are inadequate, given the flight risk posed by Defendant. These conditions do not reasonably assure Defendant's appearance for trial. The conditions do not prevent Defendant from fleeing the United States, and do not provide a means by which law enforcement could be notified of Defendant's flight with sufficient time to stop him.

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial and, if convicted, sentencing in these matters.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

IT IS FURTHER ORDERED that the November 21, 2013 Order setting conditions of release is revoked.

IT IS SO ORDERED.

DATED: November 27, 2013

*Janis L. Sammartino*
HONORABLE JANIS L. SAMMARTINO
United States District Judge